In the Matter of RICHARD DeCESARE (Admitted as RICHARD P. DeCESARE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 20, 1981.

APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent, admitted to practice in the Second Department on March 20, 1974, pleaded guilty in Bronx County Supreme Court, on July 1, 1980, to one count of theft of services from the period of April 29, 1976 to August 1, 1976, in violation of section 165.15 of the Penal Law of the State of New York, a class A misdemeanor. Petitioner moves for an order disciplining respondent based on this conviction. On March 5, 1981, we suspended respondent pursuant to section 90 (subd 4, par d) of the Judiciary Law and referred the matter to a Referee to hear, report and recommend concerning the facts underlying the crime to which respondent pleaded guilty, his background and any factors relevant to the issue of sanctions.

A hearing was held by the Referee on March 30, 1981; the respondent appeared and gave testimony.

At the hearing there was testimony that since his admission to the Bar 7 years ago, respondent's principal business interest was real estate. He had a one-half interest in a number of corporations which owned about 35 buildings, along with a business partner who had the same interest. The respondent and some of the corporations were indicted for grand larceny and theft of services, to wit, meter tampering or receiving unmetered electric services. The respondent pleaded guilty for Nubirth Equities, Inc., of which he was president, to grand larceny in the second degree, a felony. In addition he pleaded guilty individually to one count of theft of services to cover all the counts in the indictment. As a result of his plea he was sentenced to 60 days to be served on weekends; placed on probation for 3 years; fined $1,000 and ordered to make restitution in the amount of $11,800.

Respondent testified that he had no actual knowledge of meter tampering or received unmetered service, that he was being made a scapegoat because he was a lawyer. He testified to a conversation with an Assistant District Attorney about two years before the indictment concerning the fact that a number of buildings he half owned were receiving unmetered service of which he said he had no knowledge.

Upon pleading guilty he admitted he knowingly accepted and received electric service that was unmetered and not paying for it.

The Referee found his statements that he was unaware of the unmetered buildings not credible.

Respondent had a prior conviction for criminal possession of a pistol in October, 1977, wherein he pleaded guilty to attempted criminal possession of a weapon in the fourth degree, a misdemeanor and received a sentence of 15 days or a $50 fine. On this conviction he was charged with professional misconduct and received a reprimand.

The Referee concluded "that respondent had not made any showing why an order of suspension, censure or removal from office should not be made. He did not give any

mitigating circumstances, nor do I find any. His was the only testimony I find deficient. I recommend disbarment."

The respondent stated at the hearing that he had complied with the court's order of March 5, 1981 suspending him from the practice of law effective immediately. In fact, he had not yet filed the affidavit of compliance with the court or served a copy of the affidavit on the petitioner.

The record in this matter is devoid of any mitigating circumstances such as frankness in admission of guilt, remorse or co-operation with the respective authorities. It amply demonstrates a lack of character and fitness to continue as a member of the Bar. He has been once reprimanded by a disciplinary committee, and twice convicted.

Accordingly, petitioner's unopposed motion to confirm the Referee's report should be granted and respondent disbarred.

MURPHY, P.J., SANDLER, SULLIVAN, ROSS and CARRO, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.