In the Matter of STANLEY BRIEDMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 1984

APPEARANCES OF COUNSEL

*Claudio B. Bergamasco* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Rappaport & Frost* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar on June 28, 1950 by the Appellate Division, Second Department. At all times pertinent to this proceeding, he has maintained an office for the practice of law in this department.

In November, 1971, respondent acquired an apartment building at 284-14th Street, Brooklyn, New York. Title was taken in the name of Muriel Beech. From the time of the purchase through and including January 27, 1983, when the property was conveyed to a bona fide purchaser, respondent maintained and controlled the building. In or about October, 1970, he devised a plan by consequence of which he bilked Brooklyn Union Gas Company out of the sum of $15,528. The manner in which the plan operated was as follows: In October, 1970, respondent caused a new account to be opened with Brooklyn Union Gas Company in the name of Muriel Beech in order to obtain gas service

for the building. Thereafter, he accumulated substantial unpaid gas bills. When he ascertained that service was about to be terminated because of nonpayment, he caused the property to be transferred to a corporation formed especially for that purpose, or to an individual nominee. In all, there were six transfers and the total unpaid bills aggregated to $15,528.

In July, 1981, respondent ascertained that an investigation had been opened by the District Attorney, Kings County, with regard to the alleged theft of services from Brooklyn Union Gas Company. The respondent voluntarily appeared at the Kings County District Attorney's office on October 31, 1981 and voluntarily made a statement in connection with the investigation.

In December, 1981 and January, 1982, respondent paid Brooklyn Union Gas Company the arrearages due and on February 16 he was advised by the Kings County District Attorney's office that it had closed its investigation and that on February 11, 1982, the Kings County Grand Jury voted to dismiss the matter.

Although respondent, in his answer to the petition, denies the allegations of wrongdoing, these allegations are fully supported by the record. Nevertheless, the hearing panel, in its report to the full Disciplinary Committee, requested that the matter be referred to this court with the recommendation that respondent be publicly censured. The full Committee has adopted the recommendation of its hearing panel.

Respondent has engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4), and has engaged in conduct that adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (6). In *Matter of DeCesare* (82 AD2d 716), the respondent, whose principal business interest was real estate, was charged with grand larceny and theft of services in connection with meter tampering and the receipt of unmetered electric service by realty corporations in which he held a substantial interest. He pleaded guilty to theft of services. We directed that he be disbarred. While *DeCesare* (*supra*) is distinguishable on the ground that there the respondent had been convicted of a crime, albeit a

misdemeanor, and, in addition, had been convicted on a prior occasion for criminal possession of a weapon, the distinction goes only to the severity of the sanction. Bearing in mind that respondent in this matter has a prior unblemished record, we are of the opinion that respondent ought to be suspended for a period of two years and until further order of this court.

Accordingly, the report of the Departmental Disciplinary Committee should be approved to the extent of adopting its findings; its recommendation of censure is disapproved, and respondent is suspended from the practice of the law for a period of two years and until further order of this court.

MURPHY, P. J., ROSS, BLOOM, FEIN and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of two years effective June 28, 1984, and until the further order of this court.